IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALICE RICE,

    Petitioner,

v.                                      Civil Action No. 1:14cv97
                                        Criminal Action No. 1:11cr43
                                        (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Procedural History

On June 9, 2014, the *pro se* petitioner, an inmate currently incarcerated at Alderson FPC in Alderson, West Virginia, filed a petition under 28 U.S.C. §2255 for a Writ of Habeas Corpus by a Person in Federal Custody. (Dkt.# 54). Pursuant to a Notice of Deficient Pleading, petitioner filed her court-approved form motion to vacate on June 24, 2014. Upon preliminary review, it appeared that the petition was untimely, having been filed one year and 15 days after the one-year statute of limitations expired. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising the petitioner that her case would be recommended for dismissal unless she could show that her motion was timely. (Dkt.#59). Petitioner moved for an extension of time to file her response. By Order entered August 4, 2014, petitioner was granted the extension, and directed to disclose the name of any attorney who might be assisting her with the drafting of her pleadings. On August 8, 2014, petitioner's letter to the undersigned regarding who drafted her pleadings was docketed. Petitioner filed her Hill v. Braxton response on August 14, 2014. (Dkt.# 65).

1

This case is before the undersigned for review, report, and recommendation, pursuant to LR PL P 2.

## II. Factual History

### A. Petitioner's Conviction and Sentence

On April 20, 2011, the petitioner was named as the sole defendant in a six-count indictment with a forfeiture allegation, charging her in Counts One – Three with Bank Fraud, in violation of 18 U.S.C. §1341, and in Counts Four – Six with False Statements to Federally Insured Financial Institutions, in violation of 18 U.S.C. §1014. On August 19, 2011, petitioner pled guilty to Count One pursuant to a plea agreement.[1] On December 2, 2011, a sentencing hearing was held and continued to February 2, 2012, then continued again to May 3, 2012. Petitioner was sentenced to 57 months imprisonment followed by five years' supervised release.[2] She was assessed a $100 special assessment fee and ordered to pay $319,000.00 in restitution.

### B. Appeal

The petitioner did not file a direct appeal.

### C. Federal Habeas Corpus

In the petition, petitioner asserts the following grounds for relief:

1) ineffective assistance of pre-trial counsel, for

    a) failure to conduct an adequate pretrial investigation;

    b) failure to file any substantive pretrial motions;

---

[1] The plea agreement contained a waiver of petitioner's appellate and collateral attack rights, if she received a sentence within or lower than the Sentencing Guideline range calculated by the Court. See Dkt.# 16, ¶18 at 5. The maximum sentence she could have received was imprisonment for a term of not more than thirty years and a fine of not more than $1,000,000.00. Dkt.# 16, ¶2 at 1.

[2] A review of the BOP's online Inmate Locator indicates that petitioner's projected release date is July 28, 2016.

3) failure to properly inform and advise petitioner of the consequences of pleading guilty versus proceeding to trial, including advising her of the maximum sentence she might receive if she were convicted at trial; and

4) failing to attempt to negotiate a more favorable plea agreement on petitioner's behalf.

2) Sentencing counsel was ineffective for

a) failing to discuss and explain the Presentence Investigation Report ("PSR") with petitioner, prior to sentencing;

b) failing to file substantive objections to the PSR;

c) failing to challenge the abuse of trust and obstruction of justice enhancements;

d) failing to challenge petitioner's loss of the 3-level reduction for acceptance of responsibility;

e) failing to file a notice of appeal, even though petitioner requested that he do so.

For relief, petitioner requests that her conviction and sentence be vacated "to start anew." Alternately, she seeks an evidentiary hearing to further prove her claims, resolve disputed facts, and to expand the "incomplete" record.

### III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[3] or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In the instant case, the §2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition a notice of appeal of his conviction or sentence, the judgment becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). Petitioner's judgment of conviction was entered on the record on May 11, 2012. Petitioner never filed a direct appeal; thus, her conviction became final on May 25, 2012, when the time for seeking such review expired.[4] See Clay, 537 U.S. at 525. Therefore, under AEDPA, she had until May 25, 2013, to timely file a §2255 motion. The petitioner did not file her petition until June 9, 2014, one year and fifteen days after the statute of limitations had expired. Thus, the petitioner's §2255 motion is untimely under subsection 1.

Because the petitioner does not allege that her motion is based on new facts or on a right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, subsections 3 and 4 are not applicable to this case. Rather, petitioner alleges that under subsection 2, she is entitled to equitable tolling due to "extraordinary circumstances" beyond her control.

Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period

---

[3] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

[4] If a there is no direct appeal, a conviction final 14 days after the Judgment and Commitment Order is entered. (See Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)).

against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512, (4th Cir. 2004) *quoting* Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) *(en banc)* (quotation marks omitted), *cert. denied,* 541 U.S. 905 (2004). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his §2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Id.

Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented a defendant from filing a petition, or extraordinary circumstances beyond the defendant's control made it impossible to timely file the claim. United States v. Anderson, No. 04-0353, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012), quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. Holland v. Florida, 130 S.Ct. 2549, 2563 (2010).

In her response to the Hill v. Braxton Notice, petitioner contends that she is entitled to equitable tolling because although she pursued her rights diligently, the "extraordinary circumstance" of Alderson FPC's inadequate law library, which was "behind on recent Supreme Court cases," prevented her from discovering two cases she wanted to rely on in support her claims.[5] Thus, she argues, her timely filing was impeded.

When alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Strickler v. Waters, 989 F.2d 1375, 1383 – 84 (4th Cir. 1993)

---

[5] Lafler v. Cooper, 132 S.Ct. 1376, 1388 (2012) and Missouri v. Frye, 132 S. Ct. 1399, 1407 (2012).

(holding that, to establish claim of denial of access to courts, prisoner must allege actual injury or specific harm resulting from denial). An inmate cannot establish the relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996).

Here, petitioner makes a general, conclusory assertion that two cases she now wishes to rely upon in support of her claims were inaccessible to her during the one-year limitation period because the prison law library did not have them. She does not allege any specific facts or offer any evidence of the steps she took, the lengths she went to, or the diligence she otherwise exercised during the time she claimed deprivation of access to these specific legal materials. Moreover, she does not explain when they finally became available, and how soon after that filed her claims. Finally, she does not indicate that she ever asked library personnel for help, or that when she asked for assistance, none was provided.

A review of the claims raised in petitioner's motion reveals that in addition to their having little support in the record, the issues raised are not unique, such that the two 2012 cases she wanted to rely on were so essential that she could not have timely researched her claims and found other support for them. Further, neither case provides support not otherwise available for the petitioner's claim that counsel did not file an appeal on her behalf.[6] Nonetheless, she offers no explanation as to why she waited over two years to bring that claim when she clearly was aware that no appeal had been filed on her behalf well before that.[7] Finally, an inadequate prison

---

[6] Petitioner admits and the record reflects that the Court advised her of her appellate rights. See Dkt.# 54 at 19; see also Dkt.# 35 at 2.

[7] Petitioner has an Associate's Degree in Business and additional professional training, including a "banking degree" from the West Virginia Bankers Association's School of Banking. She is a graduate of the "Dale Carnegie Class, offered to people of authority . . .[that] teaches you to talk in front of people, to problem solve, to remember to plan, and to be generally calm in a situations and handle people . . . at the end of the 8 weeks . . . the entire group votes on the person that they . . . would like to see come back a [sic] teach the class . . . [that] person would be awarded the gold plaque . . . the highest award possible. I was that person." See PSR, Dkt.# 39 at 16. Petitioner has also had a

6

law library is neither a rare nor an exceptional circumstance sufficient to equitably toll the statute of limitations. Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000); Jones v. Gundy, 100 F. Supp. 2d 485 (W.D. Mich. 2000); Rivera v. Dretke, 2004 WL 122636 (N.D. Tex. 2004), report and recommendation adopted, 2004 WL 389077 (N.D. Tex. 2004); Curtis v. Kemna, 22 Fed. Appx. 663 (8th Cir. 2001) cert. denied, 536 U.S. 946 (2002) (unpublished disposition); Stucky v. Hill, 139 Fed. Appx. 784 (9th Cir. 2005) cert. denied, 126 S. Ct. 662, 163 L. Ed. 2d 535 (U.S. 2005); McCarley v. Ward, 143 Fed. Appx. 913 (10th Cir. 2005). Nor is ignorance of the law grounds for equitable tolling. See Sosa, 364 F.3d at 512.

The undersigned finds that petitioner was subject to no more hardship or inconvenience in preparing her *pro se* motion while incarcerated than any other similarly situated prisoner. She has failed in her burden to show that any circumstance beyond her control or external to her own conduct caused her delay. Further, because a review of the record shows that petitioner's §2255 claims have little merit or support in the record, petitioner cannot show that gross injustice will occur if the statute of limitation for her §2255 motion is enforced.

Accordingly, because it is apparent that the petitioner has not shown the due diligence necessary to consider extending the filing time limits, her motion to vacate should be dismissed.

### IV. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion (Dkt.# 54 and 58) as untimely and **DISMISSING** the case with prejudice.

---

long professional career with positions such as financial investor; Financial Service Representative at MetLife; Vice President and Branch Manager for Bank of America in Stephens City, Virginia; and Corporate Sales Trainer at Huntington Bank. Accordingly, she has far better contacts and resources than most prisoners. It defies logic that she would not have had the capability, sophistication, and wherewithal to ensure that a Notice of Appeal was timely filed on her behalf, had she wanted to do so. See PSR, Dkt.# 39-1 at 1 -2.

**Within fourteen (14) days** after being served with a copy of this Recommendation, or by **March 17, 2015**, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket.

DATED: March 3, 2015

/s/ Jame E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE